UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOYCE REDDELL, individually and as                          PLAINTIFF
personal representative on behalf of the
wrongful death beneficiaries of Cory
Alan Jackson

V.                                    CIVIL ACTION NO. 3:24-CV-264-KHJ-MTP

RANKIN COUNTY, MISSISSIPPI, et al.                          DEFENDANTS

ORDER

Before the Court is Plaintiff Joyce Reddell's ("Reddell") [43] Motion for Leave

to File First Amended Complaint. The Court grants the motion. The Court therefore

finds as moot Defendants' [9, 24, 32, and 36] Motions for Judgment on the Pleadings

and [40] Motion to Dismiss because their filing preceded the operative amended

complaint.

I.      Background

On May 15, 2021, Cory Alan Jackson ("Jackson") died while incarcerated at

the Rankin County Detention Center ("RCDC"). Compl. [1] ¶ 22. Jackson had been

suffering from "severe hallucinations, delusions, and confused and disturbed

thoughts," as a result of "substance abuse, addiction, and mental illness . . . ." *Id.* ¶¶

22–23. On the day of his death, Jackson escaped from a car driven by his mother,

Reddell, after believing that "he saw snakes" and stabbing the floorboard with a

letter opener. *Id.* ¶ 27. Rankin County Sheriff's Department Deputies David Ellis,

David Glenn Hicks, and Greg McLendon then pursued and restrained Jackson. *Id.*

¶¶ 27, 29. After Pafford Emergency Service refused to transport Jackson because he was "combative," the deputies arrested Jackson for "resisting arrest, disorderly conduct, and brandishing a deadly weapon in a threatening manner." *Id.* ¶¶ 30–35. He died three hours later, while "strapped to a restraint chair," in the custody of RCDC. *Id.* ¶ 35.

On May 10, 2024, Reddell filed her [1] Complaint individually and as a personal representative of her son's wrongful-death beneficiaries. *Id.* ¶ 1.[1] Reddell now seeks to amend her [1] Complaint "to plead additional relevant facts in response to Defendant[s'] allegations that [she] has failed to state a claim." [43] ¶ 3. Defendants David Ellis, Greg McLendon, Mark Clark, Jason McQueary, and Andrew White (collectively, "the Rankin County Defendants"), joined by VitalCore and Betty Tucker, respond in opposition. Rankin Cnty. Defs.' Resp. [49]; Joinder [51]. Those Defendants argue that the proposed [43-1] Amended Complaint is futile, and the new "allegations [are] barred by the three-year statute of limitations." [49] at 1; Rankin Cnty. Defs.' Mem. in Opp'n [50] at 3.[2] The Court disagrees and finds

---

[1] According to the proposed [43-1] Amended Complaint, Defendants in this matter would now include Rankin County, Mississippi; Rankin County Sheriff Bryan Bailey; VitalCore Health Strategies, LLC ("VitalCore"); Deputy Officer David Ellis; Deputy Officer David Glenn Hicks; Deputy Officer Greg McLendon; Correctional Officer Mark Clark; Correctional Officer Andrew White; Correctional Officer Jason McQueary; Nurse Janice Patrick; Nurse Betty Tucker; and John and Jane Does 1–100, who are "unknown officers, employees, agents, and/or servants of the Rankin County Sher[]iff's Department and/or VitalCore." *Id.* ¶¶ 6–21. Correctional Officers Tonya Reynolds; Debra Murphy; and Ben Haskins are no longer named as Defendants. [50] at 2; *see also* Mem. [39] at 5 ("The [p]laintiff agrees to dismiss the official capacity claims against the individual defendants. The plaintiff also agrees to dismiss the individual capacity claims against Tonya Reynolds, Debra Murphy, and Ben Haskins.").

[2] The Rankin County Defendants specifically noted the following "new allegations" in the proposed [43-1] Amended Complaint: (1) that "[t]he Pafford Crew did not talk with

that the proposed [43-1] Amended Complaint refines both the claims and the parties to the action, clarifying the case moving forward.

## II.    Standard

Under Federal Rule of Civil Procedure 15(a)(2), district courts must grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a)'s language "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (cleaned up). And a district court must have a "substantial reason to deny leave to amend . . . ." *Id.* (cleaned up). The Court analyzes five factors in deciding whether to grant leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (cleaned up) (citing *Foman*, 371 U.S. at 182).

## III.    Analysis

Defendants argue that Reddell's amendments are time-barred and otherwise futile. These arguments fail. In the absence of bad faith or prejudice to a degree that

---

[Jackson] and never attempted to even look at [him] through the patrol vehicle window"; (2) that "[o]n the ride to the jail, [Jackson] continued to kick, scream about snakes being on him, and strike his head on the cage of the patrol vehicle"; and (3) that Defendants knew that RCDC "did not have a doctor, psychologist, or psychiatrist on duty to provide [Jackson] with the necessary emergency medical or psychiatric treatment." [50] at 4 (quoting [43-1] ¶¶ 29, 34, 62). VitalCore and Betty Tucker cited the "new allegations in paragraphs 64 to 76 of the proposed [43-1] [A]mended [C]omplaint." [51] at 1.

would persuade the Court to prevent a first amendment to the [1] Complaint, the Court grants the motion.

Reddell's amendments to her [1] Complaint are not time-barred. Federal Rule of Civil Procedure 15(c)(1)(B) allows for an amendment to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Amendments that correct technical deficiencies in a pleading or serve to expand the facts alleged in the original pleading satisfy the relation back requirements of [R]ule 15(c)." *U.S. ex rel. Monsour v. Performance Accts. Receivable, LLC*, No. 1:16-CV-38, 2023 WL 8852751, at *6 (S.D. Miss. Dec. 21, 2023) (quoting *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995)). And "if an amended complaint presents a new legal theory based on the same operative facts, the amendment will relate back." *EnerQuest Oil & Gas, LLC v. Plains Expl. & Prod. Co.*, 981 F. Supp. 2d 575, 613 (W.D. Tex. 2013) (citing *FDIC v. Bennett*, 898 F.2d 477, 477, 479 (5th Cir. 1990)).

Upon review of the proposed [43-1] Amended Complaint, the Court notes numerous additions, but none are outside the scope of the "conduct, transaction, or occurrence set out—or attempted to be set out" in the original [1] Complaint. Fed. R. Civ. P. 15(c)(1)(B). Reddell's amendments include more factual detail about the Defendants' interactions with Jackson and the recognition of two additional legal theories: (1) a "*Monell* claim against Defendant Rankin County for unconstitutional policies, practices, and customs under 42 U.S.C. § 1983" and (2) a "failure to

adequately train [and] supervise" claim as to Defendant Rankin County. [43-1] at 22, 27. Because the original [1] Complaint was filed before the applicable statute of limitations ran and the proposed [43-1] Amended Complaint relates back to that pleading, the Court finds no basis for dismissing Reddell's amendments as time-barred.

And Reddell's amendments to her [1] Complaint are not futile. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Moore v. City of Clarksdale*, No. 4:22-CV-41, 2024 WL 1316212, at *2 (N.D. Miss. Mar. 27, 2024) (cleaned up) (quoting *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)). To state a claim upon which relief can be granted, a complaint must allege sufficient facts that, when accepted as true, have "facial plausibility" and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The proper consideration of legal sufficiency under this standard, then, is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Stripling*, 234 F.3d at 873 (cleaned up).

The Court is not convinced—when viewed in the light most favorable to Reddell—that she fails to state any valid claim for relief in her proposed [43-1] Amended Complaint. The discretion of this Court is "not broad enough to permit denial," absent a "substantial reason." *Id.* at 872. Lacking such a reason, and

following the liberal standard for affording leave to amend, this Court finds that Reddell should be granted leave to file her First Amended Complaint.

In the interest of justice, and because none of the aforementioned factors weigh greatly against granting this leave, the Court grants Reddell's [43] Motion. Reddell must file her First Amended Complaint by October 28, 2024. Once served with the Amended Complaint, Defendants may respond with any motions or defenses that may be appropriate within 14 days, and the Court reserves consideration of any arguments Defendants should bring for a later date.

IV.    Conclusion

This Court has considered all arguments. Those it does not address would not have changed the outcome of its decision. For the reasons stated, the Court GRANTS Reddell's [43] Motion for Leave to File First Amended Complaint and FINDS AS MOOT Defendants' [9, 24, 32, and 36] Motions for Judgment on the Pleadings and [40] Motion to Dismiss because their filing preceded the operative amended complaint. Reddell must file her First Amended Complaint by October 28, 2024, and Defendants' response is due 14 days later.

SO ORDERED AND ADJUDGED, this 21st day of October, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE