UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOYCE REDDELL, individually and as personal representative on behalf of the wrongful death beneficiaries of Cory Alan Jackson                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:24-CV-264-KHJ-MTP

RANKIN COUNTY, MISSISSIPPI, et al.                              DEFENDANTS

ORDER

Before the Court is Defendant Janice Patrick's ("Patrick") [65] Motion to Dismiss. The Court denies the motion and gives Plaintiff Joyce Reddell ("Reddell") until February 6, 2025, to perfect service on Patrick.

I.   Background

Incorporating the background discussed in its [58] Order, the Court focuses on Patrick's involvement in the case. *See* [58] at 1–3. Patrick was "employed with VitalCore Health Strategies, LLC, as a nurse, who provide[d] medical treatment to Rankin County Detention Center inmates." Compl. [1] ¶ 19. According to Reddell, Patrick was present and "observed [Decedent Cory Alan Jackson's ('Cory')] psychosis and erratic behavior throughout his incarceration at the jail beginning the night of May 14, 2021, until his death [in] the early morning of May 15, 2021." *Id.* ¶ 46. Patrick also allegedly "observed Cory's severe hallucinations, delusions, and confused and disturbed thoughts, and . . . suspected that he was high on drugs." *Id.* Yet she "deliberately ignored his severe medical condition, failed to provide him

with adequate medical care, and denied him access to medical care that proximately caused his untimely death." *Id.*

So Reddell sued Patrick in her individual and official capacity for acting "with deliberate indifference and callous and reckless disregard for" Cory's "rights, welfare, and medical needs," in violation of the Eighth and Fourteenth Amendments. *Id.* ¶ 73; *see also id.* ¶ 1. And on August 9, 2024, Reddell filed [30] Proof of Service for Patrick. Reddell's filing states that service was accomplished by leaving the summons at Patrick's "residence or usual place of abode" with "a person of suitable age and discretion who resides there," in accordance with Federal Rule of Civil Procedure 4(e)(2)(B). [30] at 2; *see also* Mem. Supp. Mot. [41] at 1. The summons was purportedly left at 106 Lilac Court, Madison, MS 39110, with Tommy Wells ("Wells") on August 3, 2024. [30] at 2. But Patrick claims that she "does not reside at the place where the process server delivered that summons, and the person to whom the process server handed the summons does not reside there either." [41] at 1–2. Thus, she argues the attempted service was invalid. *Id.* at 2.

Patrick now renews her [40] Motion "to strike or quash the proof of service of the original complaint and the purported service of process asserted thereby and to dismiss this action . . . as to her . . . ." [65] at 1. She claims "she has not been served with a summons and a copy of the [61] [A]mended [C]omplaint in accordance with Rule 4 of the Federal Rules of Civil Procedure," and so she desires dismissal under Rule 12(b)(2) and 12(b)(5). *Id.*

2

II.     Standard

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (per curiam). And "[t]he party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* "In the absence of valid service of process, proceedings against a party are void," because a court cannot exercise personal jurisdiction over the defendant. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also* Fed. R. Civ. P. 12(b)(2).

Effective service under Rule 4 of the Federal Rules of Civil Procedure allows service upon an individual by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). And "the general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (per curiam) (cleaned up). District courts enjoy "broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Lab., OSHA*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam).

III.   Analysis

Because Patrick challenges Reddell's service of process on her, Reddell bears the burden of proving that she either validly served Patrick with process or had good cause for failing to effect timely service. *See Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). In an attempt to refute the prima facie evidence of valid service, *see* [30], Patrick argues that she "does not reside at the place where the process server delivered [the] summons," and "the person to whom the process server handed the summons does not reside there either." [41] at 1–2. In fact, Patrick offers the [40-1] Declaration of Jessica Patrick ("Jessica"), her daughter, which acknowledges Jessica's residence at 106 Lilac Court, Madison, MS 39110, the address where service occurred. *See id.* ¶ 1. In her [40-1] Declaration, Jessica states, under penalty of perjury, that neither Patrick nor the person to whom the summons was delivered, reside, or did reside, at that address on or before August 3, 2024. *See id.* ¶¶ 1–2.

In her [66] Response, Reddell argues that because this Court "has already ruled that the [40] [M]otion is moot," it should deny the renewed [65] Motion as well. [66] at 1. This argument fails. The Court denied Patrick's original [40] Motion to Dismiss "because [its] filing preceded the operative [61] [A]mended [C]omplaint." [58] at 1, 6. The Court did not address or deny the [40] Motion on its merits.

Referencing her [47] Response and her [48] Memorandum in Opposition to the original [40] Motion to Dismiss, Reddell states that she has "adequately addressed any concerns regarding service of process," and "there appears to be no

4

compelling reason to reconsider or grant" the [65] Motion. [66] at 1–2. This argument also fails. Reddell argues that "[s]ervice of process was effectuated in compliance with the Federal Rules," [47] ¶ 3, but the attached [47-1] Affidavit of the process server, DeWayne Wooten ("Wooten"), confirms that he did not verify whether Wells resided at 106 Lilac Court. *See* [47-1] ¶¶ 7–8. Rather, he just "reasonably concluded that both [Wells] and [Patrick] lived there." *Id.* ¶ 8.

Although confusion remains as to whether Patrick resided at 106 Lilac Court, the Court need not address this issue.[1] Rule 4 requires that the process server leave a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion *who resides there.*" Fed. R. Civ. P. 4(e)(2)(B) (emphasis added). And "Wells, to whom [Wooten] handed certain documents at [106 Lilac Court] on August 3, 2024, according to the [30] [P]roof of [S]ervice, does not reside at 106 Lilac Court and did not reside there on, or before, August 3, 2024." [40-1] ¶ 2. Wells, therefore, could not validly accept service for Patrick.

Reddell has not effectuated valid process on Patrick, provided good cause for her failure to do so, or filed a substantive argument in response to Patrick's [65] Motion. She has failed to meet her burden. So this Court is currently cannot exercise personal jurisdiction over Patrick.

---

[1] According to the process server, Jessica informed him that Patrick "lived at the residence but was out of town." [47-1] ¶ 3. Prior to service, the process server also reviewed "publicly available records to confirm" that location was Patrick's address. *Id.* ¶ 4. But Jessica states that Patrick did not reside there. [40-1] ¶ 1.

5

"If a defendant is not served within 90 days after the complaint is filed, the [C]ourt . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Coleman v. Gillespie*, 424 F. App'x 267, 270 & n.8 (5th Cir. 2011) (per curiam). But when "the applicable statute of limitations likely bars future litigation," the Court should extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (cleaned up). The statute of limitations for Section 1983 claims in Mississippi is three years. *See Cohly v. Miss. Insts. of Higher Learning*, No. 23-60232, 2024 WL 65432, at *2 (5th Cir. Jan. 5, 2024) (per curiam). Since Cory died in May 2021, dismissal now—even without prejudice—would likely bar Reddell from refiling her claims against Patrick. Thus, the Court will extend the time for Reddell to properly serve Patrick.

IV.   Conclusion

This Court has considered all arguments, and those it does not address would not have changed the outcome of its decision. For the reasons stated, the Court DENIES the [65] Motion to Dismiss and gives Reddell until February 6, 2025, to properly serve process on Patrick. If Reddell fails to properly serve Patrick within that time, the Court will dismiss all claims against Patrick without prejudice under Rule 4(m), and it will enter a Rule 54(b) final judgment for Patrick without further notice or extension of time. The Court notes the claims against Rankin County, Mississippi, VitalCore Health Strategies, LLC, David Ellis, David Glenn Hicks,

Greg McLendon, Mark Clark, Andrew White, Jason McQueary, and Betty Tucker remain viable.

SO ORDERED AND ADJUDGED, this 16th day of January, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE